CHRISTEN, Circuit Judge,
with whom THOMAS, Chief Circuit Judge, joins,
concurring:
As the court’s opinion recognizes, the Tongass is vitally important to Southeast Alaska. The court is equally express in acknowledging that changes .of administration can indeed have consequences. Neither of these points is in dispute.
This case is unique because no new facts were presented between the'time the Department of Agriculture adopted the Road-less Rule in 2001 and the time it reversed its decision in 2003. The outcome of the case pivots on the undeniable: the 2003 *971 decision was contradicted by the agency’s previous factual findings. In 2001, the agency found that “[ajllowing road construction and reconstruction on the Ton-gass National Forest to continue unabated would risk the loss of important roadless area values.” Special Areas; Roadless Area Conservation, 66 Fed.Reg. 3,244, 3,254-55 (Dep’t of Agric. Jan. 12, 2001) (to be codified at 36 C.F.R. §§ 294.10-294.14). In 2003, the agency concluded that “the social and economic hardships to Southeast Alaska outweigh the potential long-term ecological benefits because the Tongass Forest Plan adequately provides for the ecological sustainability of the Tongass.” Special Areas; Roadless Area Conservation; Applicability to the Tongass National Forest, Alaska, 68 Fed.Reg. 75,136, 75, 141-42 (Dep’t of Agric. Dec. 30, 2003) (to be codified at 36 C.F.R. § 294.14) (emphasis added).
The dissent suggests that the 2003 decision was likely the result of a change in administrations, and argues that the agency, “following the policy instructions of the new president,” was free to weigh the same evidence and “simply conclude[ ] that the facts mandated different regulations than the previous administration.” Supreme Court authority directs otherwise. Under FCC v. Fox Television Stations, Inc., when a new policy is contradicted by an agency’s previous factual findings, the law does not allow the agency to simply ignore the earlier findings. 556 U.S. 502, 516, 129 S.Ct. 1800, 173 L.Ed.2d 738 (2009). Instead, the law requires that the agency provide a reasoned explanation for changing course and adopting a position contradicted by its previous findings. Id.
In this case, the agency was unable to defend its flip-flop when the case was argued in the district court, and the agency chose not to participate in the appeal. Despite the efforts of the intervenor, the record and arguments presented to the district court support its decision, which we affirm today.
I write separately to voice my view that there is no indication the conscientious district court judge who first ruled in this case decided it based on his own views, and our court does not do so either. Judges do not have the expertise to manage national forests, but we are often called upon to decide whether a federal agency followed correct procedures. Whether or not they are reflected in the headlines, our rulings in environmental cases sometimes have the result of permitting resources to be extracted, e.g., Jones v. Nat'l Marine Fisheries Serv., 741 F.3d 989 (9th Cir.2013), roads to be constructed, e.g., Sierra Club v. BLM, 786 F.3d 1219 (9th Cir.2015), forests to be logged, e.g., Lands Council v. McNair, 629 F.3d 1070 (9th Cir.2010), or forests to be thinned to manage the risk of fire, e.g., Friends of the Wild Swan v. Weber, 767 F.3d 936 (9th Cir.2014). Other times, they do not. See, e.g., League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Connaughton, 752 F.3d 755, 767 (9th Cir.2014) (enjoining logging project while Forest Service completed supplemental environmental impact statement). Regardless of the outcome, the court’s aim is to fairly and impartially apply the law when we entertain such procedural challenges. Because in this case the Department of Agriculture did not follow the rule articulated by the Supreme Court in Fox, I join the majority in affirming the district court’s decision.